# JOSE FERNANDEZ

*v.*

# ESMORIS & COMPANY.

INJUNCTION—PREVENTIVE EMBARGO—LIENS ON REALTY.

1. Complainants obtained a judgment at law in this court against Juan Gonzalez and Gonzalez & Company. Afterward, but before execution and levy by officers of this court, the present defendant, Esmoris & Company, levied an attachment from an insular court on the real property of Juan Gonzalez and Gonzalez & Company, the same being afterwards levied on and sold by the marshal of this court. The judgment in this court did not create a lien on the realty.

2. As between liens arising in a United States court and in an insular court, the first created holds. In the absence of statute making judgments liens the first execution levied holds. At common law judgments are not liens on real estate.

3. The order by a court to a register of property to enter a cautionary notice in his registry against sale of certain real estate creates a lien on it. The rendition of a judgment merely does not; but it is also created by the execution and levy.

March 16, 1903.

*Messrs. Horton & Cornwell,* solicitors for complainant.

*Mr. J. M. Keedy,* solicitor for defendant.

HOLT, Judge, delivered the following opinion:

The bill seeks to enjoin the defendant from selling, by procedure in the insular court, certain real estate by virtue of an

Fernandez v. Esmoris & Co.

embargo therein. The injunction is now asked upon due notice. The bill presents this state of facts, to wit:

At the December term, 1901, of this court, at Mayaguez, Fernandez & Company obtained a judgment at law against Juan Gonzalez and Gonzalez & Company for $1,246.32 and costs. The verdict was returned December 4th, 1901; judgment was entered December 9th, 1901; execution issued December 19th, 1901; was levied December 21st, 1901; and the property sold January 24th, 1902, being purchased by the complainant; and a marshal's deed was made to him February 19th, 1902; and he is in possession of the property. He filed a bill in equity against the defendant in this court on April 4th, 1902, to quiet his title; and it is now pending.

It is averred in the bill for injunction that after December 9th, 1901, the defendant, Esmoris & Company, sued out a preventive embargo in the insular district court for San Juan, on the same property against the same defendants, Juan Gonzalez and Gonzalez & Company, and had it properly annotated in the register's deed books, as required by the local law; in other words, attached it. The complainants, being notified in the said district court of the proposed sale under the embargo, appeared in the said court, and requested an adjudication of the said property to them; but the court held that there was no ground for notification to them of the sale. On appeal to the insular Supreme Court, it, on December 15th, 1902, directed the insular district court, if the property appeared to be registered in the name of Fernandez & Company, to give notice to them, and cancel, if necessary, any record in their favor of a date later than the registry of the attachment of Esmoris & Company. The insular district court, in conformity thereto, has ordered compliance.

It will be noticed that the bill only avers that the embargo

Fernandez v. Esmoris & Co.

of Esmoris & Company was made after December 9th, 1901, which was the date of the judgment in this court. It does not aver it was made either after execution issued from this court on December 19th, 1901, or after it was levied on December 21st, 1901. The question is, therefore, presented whether the judgment in this court created a lien prior to the embargo of Esmoris & Company. If the property was in the custody of this court prior to the embargo in the insular court, then it would be proper to enjoin the defendant from now selling it through procedure in the insular court. Where liens upon property arise in a United States court and also in a state court, or by action of its officers upon process, that created first holds. Thus, in the absence of statute making judgments liens, the first levied holds. In case of a writ from a United States court and also one from a state court, the first one levied has the priority. If this were not so, injurious conflicts of jurisdiction would constantly arise. At the common law judgments are not liens on real estate. A judgment in a United States court is a lien only in the same manner and to the same extent as it may be such by the state or local law. 25 Stat. at L. 357, chap. 729 (U. S. Comp. Stat. 1901, p. 701); Rev. Stat. § 916 (U. S. Comp. Stat. 1901, p. 684); Cooke v. Avery, 147 U. S. 375, 37 L. ed. 209, 13 Sup. Ct. Rep. 340.

By the local law when a defendant is declared in default, or there is a judgment against him, an attachment of his real property may be ordered. This attachment of real property is had by an order of the court to the proper register of property to enter a cautionary notice against the property with prohibition against its sale. The mere declaration of default, or the judgment, does not appear to create a lien upon a defendant's real estate. The order to the proper register to enter a cautionary notice creates it. This being so, the rendition of a

Fernandez v. Esmoris & Co.

judgment merely in this court does not create a lien upon the defendant's property. It arises by virtue of a prior levy and execution as against any embargo in any insular court.

This opinion is, of course, based only upon the averments of the bill, and cannot affect any right which the complainant may have the right to assert in the insular court.

Injunction refused.